**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Betty, Inc.<br><br>                    Plaintiff,<br><br>          v.<br><br>PepsiCo, Inc.<br><br><br>                    Defendant. | **Case No. 7:16-CV-04215 (VB)** |

## DECLARATION OF SCOTT R. SAMAY IN SUPPORT OF DEFENDANT'S

## MOTION FOR SUMMARY JUDGMENT

I, Scott R. Samay, declare as follows

1.      I am an attorney at the law firm of Lerner David Littenberg Krumholz & Mentlik LLP and counsel of record for PepsiCo, Inc. ("Pepsi") in the above-captioned action.  I am a member in good standing of the State Bar of New York and have been admitted to practice law before this Court.  I submit this Declaration in support of Defendant's Motion for Summary Judgment.  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.      Attached hereto as **Exhibit 1** is a true and correct copy of a document bearing production number Betty 44 which was produced to Pepsi in this litigation and marked as Deposition Exhibit 1 during the deposition of Louis Arbetter on October 3, 2018.  The document is a brief entitled "Develop a :30 Pepsi TVC for Superbowl." Mr. Arbetter identified this Exhibit as the brief for a 30 second commercial for the Super Bowl (See Ex. 60 at 33:21-25).  Exhibit 1 is referred to as the "Pitch Brief" in Pepsi's papers.

3.      Attached hereto as **Exhibit 4** is a true and correct copy of a document bearing production number Betty 55-69 which was produced to Pepsi in this litigation and was marked as Deposition Exhibit 4 during the deposition of Louis Arbetter on October 3, 2018.  The document is entitled "The Incredible Mega Huge Pigskin Match Concepts Enjoy."  Mr. Arbetter identified this document as Betty's presentation deck for the 2016 Super Bowl commercial. (See Ex. 60 at 53:17-20)  Exhibit 4 is referred to as "Betty's Pitch" in Pepsi's papers.

4.      Attached hereto as **Exhibit 5** is a true and correct copy of a document bearing production number Pepsi 138-149 which was produced by Pepsi in this litigation and was marked as Deposition Exhibit 5 during the deposition of Louis Arbetter on October 3, 2018.  The document indicates it was authored by The Marketing Arm, is dated November 6, 2015 and is entitled Super Bowl :30 TVC Concepts.  Mr. Arbetter identified this document as The Marketing Arm's Super Bowl concepts, November 6, 2015. (See Ex. 60 at 63:16-19).  Exhibit 5 is referred to as "The Marketing Arm's Pitch" in Pepsi's papers.

5.      Attached hereto as **Exhibit 9** is a true and correct copy of a document bearing production number Pepsi 190-199 which was produced by Pepsi in this litigation and was marked as Deposition Exhibit 9 during the deposition of Louis Arbetter on October 3, 2018.  The document indicates it was authored by The Marketing Arm, is dated November 9, 2015, and is entitled Super Bowl :30 TVC Concepts.  Mr. Arbetter identified this document as The Marketing Arm's concepts November 9. (See Ex. 60 at 76:1-4)  Exhibit 9 is referred to as "The Marketing Arm's Revised Pitch" in Pepsi's papers.

6.      Attached hereto as **Exhibit 21** is a true and correct copy of a document bearing production number Pepsi 4-18 which was produced by Pepsi in this litigation and was marked as Deposition Exhibit 21 during the deposition of Al Pascarelli, Jr. on October 17, 2018.  The

document is entitled "The Incredible Mega Huge Pigskin Match Concepts Enjoy." Mr. Pascarelli, Jr. identified this document as the series of storylines Betty presented to Pepsi. Exhibit 21 was identified by Al Pascarelli, III at his deposition on October 19, 2018 as his presentation to Pepsi for the Super Bowl commercial. (See Ex. 62 at 7:5-10). Exhibit 21, along with identical Exhibit 4, is referred to as "Betty's Pitch" in Pepsi's papers.

7.      Attached hereto as **Exhibit 22** is a true and correct copy of Betty's amended complaint.  (See also D.I. 32.)

8.      Attached hereto as **Exhibit 23** is a true and correct copy of a document bearing production number Pepsi 3351-3372 which was produced by Pepsi in this litigation and was marked as Deposition Exhibit 23 during the deposition of Alphonse Pascarelli, Jr. on October 17, 2018.  The document is entitled "Creative Agency Services Agreement" and dated as of November 11, 2014.  Mr. Pascarelli identified this document as the contract that Betty entered with Pepsi. (See Ex. 62 at 21:21-22:3).  Exhibit 23 is referred to as the "Services Agreement" in Pepsi's papers.

9.      Attached hereto as **Exhibit 33** is a true and correct copy of a document bearing production number 150-178 which was produced by Pepsi in this litigation and was marked as Deposition Exhibit 33 during the deposition of Alphonse Pascarelli, III on October 19, 2018. The document is entitled "Certificate of Registration".  Mr. Pascarelli identified this document as Betty's copyrighted presentation and identified the pages marked Pepsi 154-55 as containing the concepts that Betty believes were taken.  (See Ex. 61 at 30:10-20, 32:17-22).  Those two pages, which are accused as being the registered copyright material infringed, are pages Betty 56-57 in Exhibit 4 and pages Pepsi 5-6 in Exhibit 21.

10.     Attached hereto as **Exhibit 34** is a true and correct copy of a thumb-drive containing videos marked and viewed at the deposition of Alphonse Pascarelli, III on October 19, 2018. The drive contains a video known as Now and Then which stars Britney Spears. Mr. Pascarelli indicated that he had seen this commercial before he created his pitch to Pepsi. (See Ex. 61 at 93.) The drive also contains what Mr. Pascarelli agreed was the Pepsi Super Bowl commercial that he believes uses his concept. (See Ex. 61 at 41:3-9). That is the accused commercial in this case and is referred to as "Pepsi's Commercial" or simply "Commercial" in Pepsi's papers. The drive also contains a previously-aired Pepsi Commercial referred to as "Pass". The drive additionally contains another previously-aired Pepsi commercial known as "Diner" depicting an interaction between a Pepsi truck driver and a Coca-Cola truck driver which Mr. Pascarelli agreed displayed, within the first couple of seconds of the commercial, a jukebox in a diner playing a record. (See Ex. 61 at 121:3-9).

11.     Attached hereto as **Exhibit 35** is a true and correct copy of a document bearing production numbers Pepsi 20-24 which was produced by Pepsi in this litigation and was marked as Deposition Exhibit 35 during the deposition of Alphonse Pascarelli, III on October 19, 2018. The document indicates it was authored by The Marketing Arm, is dated November 6, 2015 and is entitled Super Bowl :30 TVC Concepts. With identical Exhibit 5, Exhibit 35 is referred to as "The Marketing Arm's Pitch" in Pepsi's papers.

12.     Attached hereto as **Exhibit 44** is a true and correct copy of a document bearing production numbers 188-189 which was produced by Pepsi in this litigation and was marked as Deposition Exhibit 44 during the deposition of Jayanthi Raja Segaran on October 31, 2018. The document is an email chain between Ms. Segaran and persons at The Marketing Arm including Marc Gilbar.

13.     The Exhibit numbers of other deposition exhibits will not be used in this Declaration so that there is no inadvertent confusion between deposition numbers and Exhibit numbers used herein.  For purposes of this Declaration, Exhibit numbers 2-3, 6-8, 10-20, 24-32, 36-43 and 45-59 have been intentionally omitted.

14.     Attached hereto as **Exhibit 60** is a true and correct copy of excerpts from the deposition transcript of Louis Arbetter, taken October 3, 2018 in New York, New York.

15.     Attached hereto as **Exhibit 61** is a true and correct copy of excerpts from the deposition transcript of Alphonse Pascarelli III, taken October 19, 2018 in New York, New York.

16.     Attached hereto as **Exhibit 62** is a true and correct copy of excerpts from the deposition transcript of Alphonse Pascarelli Jr., taken October 17, 2018 in Stamford, Connecticut. Betty informed Pepsi that Mr. Pascarelli Jr.'s testimony was to be designated as Betty's 30(b)(6) testimony regarding the Services Agreement.

17.     Attached hereto as **Exhibit 63** is a true and correct copy of excerpts from the deposition transcript of Tom Meyer, as designee of The Marketing Arm, taken November 9, 2018 in Los Angeles, California.

18.     Attached hereto as **Exhibit 64** is a true and correct copy of excerpts from the deposition transcript of Jayanthi Raga Segaran, taken October 31, 2018 in White Plains, New York.

19.     Attached hereto as **Exhibit 65** is a true and correct copy of excerpts from the deposition transcript of Jennifer Danzi, taken October 4, 2018 in New York, New York.

20.     Attached hereto as **Exhibit 66** is a true and correct copy of excerpts from the deposition transcript of Justin Pascarelli, taken October 17, 2018 in Stamford, Connecticut.

21.     Attached as **Exhibit 67** is a true and correct copy of Betty's Rule 26(1) disclosures served on Pepsi in this case.

22.     Attached hereto as **Exhibit 68** is a true and correct copy of Defendant PepsiCo Inc.'s First Set of Interrogatories to Plaintiff Betty, Inc. dated January 26, 2018.

23.     Attached hereto as **Exhibit 69** is a true and correct copy of Plaintiff's Responses to Defendant's First Set of Interrogatory Requests dated February 26, 2018.  Betty never supplemented these responses.

24.     Attached hereto as **Exhibit 70** is a true and correct copy of Defendant PepsiCo Inc.'s Second Set of Interrogatories to Plaintiff Betty, Inc. dated August 15, 2018.

25.     Attached hereto as **Exhibit 71** is a true and correct copy of Plaintiff's Responses to Defendant's Second Set of Interrogatory Requests dated September 17, 2018. Betty never supplemented these responses.

26.     Attached hereto as **Exhibit** 72 is a true and correct copy of Defendant PepsiCo Inc.'s Requests for Admission to Plaintiff Betty, Inc., served on May 30, 2018.

27.      Plaintiff Betty, Inc. did not timely respond to Defendants' First Set of Requests for admission. Attached hereto as **Exhibit 73** is a true and correct copy of Plaintiff's Responses for Admission to Defendant's Requests dated September 17, 2018.

28.     As Plaintiff failed to respond to the Requests for Admission within 30 days as required by Fed. R. Civ. P. 36, the requests are deemed admitted. Fed. R. Civ. P. 36(a)(3).

29.     Attached as **Exhibit 74** is a true and correct copy of an article entitled "'Time traveler' Janelle Monae gets her Britney Spears on for Pepsi's Super Bowl ad" published on the website www.screenertv.com on February 4, 2016.

30.     Attached as **Exhibit 75** is a true and correct copy of an article entitled "Janelle Monae dances her way through the years in Pepsi's 2016 Super Bowl ad," published in the Washington Post on February 7, 2016.

31.     Pepsi served expert reports on November 30, 2018 of Zachary Phillips and Christian Tregillis. Mr. Tregillis' report addressed damages. Betty did not serve response expert reports or seek to depose either expert. At no point during this litigation, up to and including today, did Betty provide any calculation of damages or serve any kind of expert disclosure.

April 1, 2019

_____
Scott R. Samay