UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
BETTY, INC.,

              Plaintiff,

v.

PEPSICO, INC.,

              Defendant.
--------------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER**

16 CV 4215 (VB)

Briccetti, J.:

Before the Court is plaintiff's motion for reconsideration (Doc. #110) of the Court's Opinion and Order dated November 12, 2019 (Doc. #108), granting defendant's motion for summary judgment.

For the reasons set forth below, the motion for reconsideration is DENIED.

The parties' familiarity with the facts and procedural history of this case is presumed.

**DISCUSSION**

"To prevail on a motion for reconsideration, the movant must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Catskill Dev., L.L.C. v. Park Place Entm't Corp., 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (quoting Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)).[1] Such a motion should be granted only when the Court has overlooked facts or precedent that might have altered the conclusion reached in the earlier decision. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see SDNY Local Civil Rule 6.3. The

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

1

movant's burden is weighty to avoid "wasteful repetition of arguments already briefed, considered and decided." Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

The motion must be "narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Rd. Music, Inc., v. Music Sales Corp., 90 F. Supp. 2d 390, 391–92 (S.D.N.Y. 2000). Further, the motion "may not advance new facts, issues, or arguments not previously presented to the court." Randell v. United States, 64 F.3d 101, 109 (2d Cir. 1995). This limitation ensures finality and "prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Carolco Pictures Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988).

Plaintiff argues the Court should grant reconsideration to "prevent manifest injustice." (Doc. #111 ("Pl. Mem.") at 1). To support its view, plaintiff advances three arguments.

The Court finds each argument unpersuasive for the reasons discussed below.

First, plaintiff argues that because its claims survived a motion to dismiss, its claims should also survive a motion for summary judgment. Yet plaintiff does not cite a single case to support this proposition, and nor can it: a Rule 12 motion to dismiss and a Rule 56 motion for summary judgment apply different standards of review. Compare Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (to survive a Rule 12(b)(6) motion, the complaint's allegations must meet a standard of "plausibility") with Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (the Court must grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law). Unlike at the pleadings stage, at summary judgment, the Court considers facts adduced through discovery, and then makes its

2

determination. Here, the Court did just that, and concluded that summary judgment in defendant's favor was appropriate. See Williams v. Crichton, 84 F.3d 581, 587 (2d Cir. 1996) (summary judgment in copyright infringement case appropriate if "the similarity concerns only noncopyrightable elements of plaintiff work, or no reasonable trier of fact could find the works substantially similar"). Thus, the Court concludes that its prior decision denying defendant's motion to dismiss does not compel the same outcome at summary judgment.

Second, plaintiff argues the Court should have looked at the overall concept and feel of plaintiff's copyrighted material and defendant's allegedly infringing material, rather than breaking down the components of the two works. However, plaintiff seems to overlook the Court's analysis, in which it discusses, "[t]he concept and feel of Betty's pitch and Pepsi's halftime commercial." (Doc. #108 at 9). Put simply, the Court has not overlooked facts or precedent that mandate another outcome at summary judgment. See Shrader v. CSX Transp., Inc., 70 F.3d at 257.

Third, plaintiff argues that because the Court erred in granting summary judgment on the copyright infringement claim, the Court also erred in granting summary judgment on the breach of contract claim. Plaintiff's argument hinges on an unsubstantiated assertion that "once PepsiCo decided to use the work, it did have a contract obligation to negotiate an arrangement with Betty for such use." (Pl. Mem. at 9). But the Court did not err in finding there was no copyright infringement, and therefore the allegation that defendant used plaintiff's material is just that—an allegation, insufficient to substantiate a claim after the parties have had the benefit of discovery.

Accordingly, the Court finds plaintiff has failed to demonstrate manifest injustice or any other reason warranting reconsideration of its prior decision granting summary judgment.

## CONCLUSION

The motion for reconsideration is DENIED.

Dated: February 21, 2020
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge