MANDATE

20-891
Betty, Inc. v. PepsiCo, Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 21st day of May, two thousand twenty one.

Present:   GUIDO CALABRESI,
           ROSEMARY S. POOLER,
           MICHAEL H. PARK
                    *Circuit Judges*.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Aug 11 2021

_____

BETTY, INC.,

          *Plaintiff-Appellant*,

      v.                                                                                               20-891-cv

PEPSICO, INC.,

          *Defendant-Appellee*.

_____

Appearing for Appellant:   Mark S. Gregory, Martin LLP, Stamford, C.T.

Appearing for Appellee:    Scott R. Samay, Lerner David Littenberg Krumholz & Mentlik, LLP, Cranford, N.J.

                             Michael S. Elkin, Winston & Strawn LLP, New York, N.Y. (*on the brief*).

Appeal from the United States District Court for the Southern District of New York (Briccetti, *J.*).

MANDATE ISSUED ON 06/11/2021

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment be and it hereby is **AFFIRMED**.

Betty, Inc. appeals from the November 14, 2019 judgment of the United States District Court for the Southern District of New York (Briccetti, *J.*) granting summary judgment to Pepsico, Inc. on Betty's claims of copyright infringement and breach of contract. Betty also appeals from the February 21, 2020 decision of the district court denying Betty's motion for reconsideration. Betty alleged that Pepsi's 2016 Super Bowl commercial incorporated copyrighted material that Betty had presented to Pepsi, and that Pepsi failed to compensate Betty for its work. The district court found that the 2016 commercial did not infringe on any of Betty's copyrighted pitch materials and that no enforceable contractual agreement existed between the parties. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a district court's grant of summary judgment de novo, applying the same standards as the district court. *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 135 (2d Cir. 2013). Summary judgment is appropriate "only if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted). "When deciding a summary judgment motion, a . . . court's function is not to weigh the evidence, make credibility determinations or resolve issues of fact, but rather to determine whether, drawing all reasonable inferences from the evidence presented in favor of the non-moving party, a fair-minded jury could find in the non-moving party's favor." *Beatie v. City of New York*, 123 F.3d 707, 710-11 (2d Cir. 1997) (internal citation omitted).

To succeed on a claim of copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The parties do not dispute the validity of Betty's copyright for its pitch materials. For the second element, "copying is proven by showing (a) that the defendant had access to the copyrighted work and (b) the substantial similarity of protectible material in the two works." *Williams v. Crichton*, 84 F.3d 581, 587 (2d Cir. 1996) (internal quotation marks omitted). This case turns on the second part of the test: whether Pepsi's "The Joy of Dance" commercial is substantially similar to the protectible expression in Betty's "All Kinds/Living Jukebox" pitch "in the eyes of the average lay observer." *Id.* "[C]opyright does not protect an idea, but only the expression of an idea." *Kregos v. Associated Press*, 3 F.3d 656, 663 (2d Cir. 1993). Additionally, certain "similarities . . . are unprotectible as 'scenes a faire,' that is, scenes that necessarily result from the choice of a setting or situation." *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 50 (2d Cir. 1986). In drawing this line between ideas and expression, copyright "protection covers the pattern of the work the sequence of events and the development of the interplay of characters." *Williams*, 84 F.3d at 588 (internal quotation marks and alteration omitted).

The district court correctly determined that the protectible elements of the pitch were not copied by the aired commercial. The 2016 commercial focuses on dance styles from three different eras, while the pitch materials do not mention dance. The 2016 commercial also differs from Betty's pitch in other important ways: it uses three different songs from three different eras

2

instead of the Pepsi theme as Betty suggested, features no suggestion of an acoustic singer, warehouse, or trashcan fire, and uses different musical styles than those Betty suggested.

Betty argues that even if the details of the proposal and the aired commercial are different, the general theme is the same. However, this theme is not protectible by copyright law. Ideas and themes are often the type of material that we have determined are not copyrightable. "When we determine that a work contains both protectible and unprotectible elements, we must take care to inquire only whether the protectible elements, standing alone, are substantially similar." *Williams*, 84 F.3d at 588 (emphasis and internal quotation marks omitted). In *Walker*, we discussed the common themes of stories of police work in the Bronx. 784 F.2d at 50-51. "Elements such as drunks, prostitutes, vermin and derelict cars would appear in any realistic work about . . . policemen in the South Bronx," and thus are unprotectible scènes à faire. *Id*. In *Mattel, Inc. v. Azrak–Hamway International, Inc.*, we similarly found that although two action figures looked quite similar, the similarities were attributable to the unprotectible idea of "a superhuman muscleman crouching in what since Neanderthal times has been a traditional fighting pose." 724 F.2d 357, 360 (2d Cir. 1983).

Betty's theme of changing musical genres is broader than those we have previously found not copyrightable. And the idea of a single performer moving through various time periods or musical styles with quick cuts and costume changes is not a protectible expression but a creative idea. In fact, these very characteristics were featured in Pepsi's 2001 "Now and Then" advertisement with Britney Spears. Betty attempts to strip away any specifics from a very short pitch and focus the court on broad themes, but this is precisely the approach that we reject in copyright cases. *See Abdin v. CBS Broad. Inc*., 971 F.3d 57, 72 (2d Cir. 2020) (holding that "the suggestion that a copyright infringement claim can be based on such generic and common characteristics is highly illogical" (internal quotation marks omitted)). Thus, the district court correctly held that Pepsi was entitled to judgment as a matter of law on Betty's copyright infringement claims.

The district court also correctly found that Pepsi was entitled to summary judgment on Betty's breach of contract claim. "Under New York law, a breach of contract claim requires proof of (1) an agreement, (2) adequate performance by the plaintiff, (3) breach by the defendant, and (4) damages." *Fischer & Mandell, LLP v. Citibank, N.A*., 632 F.3d 793, 799 (2d Cir. 2011). As an initial point, the breach of contract claim cannot succeed because there is no indication in the record that Pepsi used Betty's material in its aired commercial, so even if there were an enforceable contract, the district court correctly ruled that there was no breach.

The claim also fails for the independent reason that no enforceable contract between the parties existed. New York law on breach of contract is quite clear. It is "rightfully well settled" in New York "that a mere agreement to agree, in which a material term is left for future negotiation, is unenforceable." *Joseph Martin, Jr., Delicatessen, Inc. v. Schumacher*, 52 N.Y.2d 105, 109 (1981). We have held that in rare cases preliminary agreements can create contractual obligations. In examining whether such an agreement exists, we consider the following five factors: "(1) whether the intent to be bound is revealed by the language of the agreement; (2) the context of the negotiations; (3) the existence of open terms; (4) partial performance; and (5) the

3

necessity of putting the agreement in final form, as indicated by the customary form of such transactions." *Brown v. Cara*, 420 F.3d 148, 157 (2d Cir. 2005).

In this case, none of the factors suggests an agreement. The alleged contract between the parties states only that once Pepsi pays Betty under a future scope of work agreement, intellectual property rights will transfer to Pepsi. The contract contains no indication that Pepsi was bound to negotiate a scope of work agreement for unproduced ideas. In this case, the prior agreement specified, as stated in the incorporated statement of work, that Betty would provide services for a Mountain Dew promotional campaign that had no connection to the 2016 Super Bowl advertisement. Betty knew that it was one of many agencies pitching for the Super Bowl advertisement and no scope of work was guaranteed. The prior agreement contains many open terms, as all material terms would need to be agreed upon in a separate scope of work agreement. There was no partial performance because Pepsi turned down Betty's proposal. Finally, the agreement would need a final form, as the prior agreement explicitly contemplates a scope of work agreement for future work. Accordingly, the district court properly found that there was no enforceable contract between the parties.

We have considered the remainder of Betty's arguments and find them to be without merit. Accordingly, the district court's judgment hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit